# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BENJAMIN M. Del CAMPO SA de CV,**
**HARLEY-DAVIDSON SATELITE SA de CV,**
**HARLEY-DAVIDSON PUEBLA SA de CV,**
**HARLEY-DAVIDSON SANTA FE SA de CV,**
**HARLEY-DAVIDSON LEON SA de CV,**
**HARLEY-DAVIDSON JALISCO SA de CV,**
**HARLEY-DAVIDSON LOS CABOS SA de CV,**
**MOTOCICLLETAS de MILWAUKEE SA de CV,**
**HARLEY-DAVIDSON VERACRUZ SA de CV and**
**INVERSIONES JJJ SA de CV,**

    **Plaintiffs,**

    **v.**                                                                         **Case No. 06-C-0572**

**HARLEY-DAVIDSON MOTOR COMPANY,**

    **Defendant.**

## ORDER

The plaintiffs filed this action on May 10, 2006. On June 6, 2006, the Clerk of Court's office sent a letter to plaintiffs' counsel, Alejandro Brito, advising him of the Electronic Case Filing (ECF) system utilized in this district and the need for attorneys to register and file their pleadings electronically. Counsel was told to submit a diskette or CD of the PDF file to the Clerk's Office or email the information to the Clerk's Office email address. Counsel was also reminded of the need to file the "Consent/Refusal to Proceed Before a U.S. Magistrate Judge" form by June 20, 2006. A copy of the form was enclosed with the letter. The plaintiffs did not respond.

A review of the docket indicates that Attorney Robert Zarco, who also filed a notice of appearance as counsel for the plaintiffs, was called regarding the consent form, certificate of interest and ECF filing and he indicated that he "will overnight all documents." (Docket entry of June 21, 2006). No documents were filed with the court as stated.

On June 30, 2006, the Clerk of Court's office sent a second notice to Attorney Zarco advising him of the need to comply with the ECF filing requirements. The letter stated that if he did not provide the requested document in PDF format within 48 hours of the receipt of the notice, the clerk's office "will notify the presiding judge of your failure to comply for subsequent action." (Docket # 3 at ). Counsel did not respond or submit the requested documents.

Exhibiting an abundance of patience, the Clerk of Court's office sent another letter – this time addressed to both Attorney Brito and Attorney Zarco, again advising them that they must submit their "Consent/Refusal to Proceed Before a U.S. Magistrate Judge" form, which should have been filed within 20 days of its receipt. Counsel was also advised that pursuant to General Local Rule 83.9, each party must furnish a Certificate of Interest. Counsel was instructed to electronically file the consent form and the Certificate of Interest by August 3, 2006. A docket notation on August 4, 2006, indicates that a deputy clerk spoke to Attorney Brito about the consent form, Certificate of Interest and ECF registration on that day. See Docket entry of August 4, 2006.

Despite all these efforts, counsel for the plaintiffs have failed to file the required consent form and Certificate of Interest and have failed to comply with the ECF filing requirements in this district. It appears that the plaintiffs may no longer be interested in proceeding with this action, based on the complete lack of response to the court's letters and telephone calls. With

the exception of the complaint filed on May 10, 2006, the plaintiffs have filed no other documents in this case. There is no indication that any effort has been made to serve the defendant.

District courts have inherent authority to dismiss a case sua sponte for a plaintiff's failure to prosecute. Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir. 1989). Such authority is based on the court's inherent power to control its docket. Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). A dismissal for lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior. Casteel v. Pieschek, 3 F.3d 1050, 1055 (7th Cir. 1993); Daniels, 887 F.2d at 785. Furthermore, there is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute. Rice v. City of Chicago, 333 F.3d 780, 785 (7th Cir. 2003) (citing Ball v. City of Chicago, 2 F.3d 752, 756 [7th Cir. 1993]). However, no case should be dismissed for failure to prosecute without explicit warning of the potential sanction. Rice, 333 F.3d at 785-86; Ball, 2 F.3d at 755.

The plaintiffs are hereby advised that if they fail to file the "Consent/Refusal to Proceed before U.S. Magistrate Judge" form and the Certificate of Interest and fail to comply with the ECF and other requirements as outlined in the June 6, June 30 and July 19, 2006, letters from the Clerk of Court by August 28, 2006, this action may be dismissed with prejudice for lack of diligence in prosecuting case pursuant to Civil Local Rule 41.3 (E.D. Wis.).[1]

---

[1]Civil Local Rule 41.3 (E.D. Wis.) provides:
> Whenever it appears to the court that the plaintiff is not diligently prosecuting the action, the court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within twenty (20) days.

**NOW, THEREFORE, IT IS ORDERED** that on or before **August 28, 2006**, the plaintiffs shall file the "Consent/Refusal to Proceed before U.S. Magistrate Judge" form and the Certificate of Interest with the court. By **August 28, 2006**, the plaintiffs also shall comply with the ECF and other requirements set forth in the June 6, June 30 and July 19, 2006, letters to counsel from the Clerk of Court. Failure to comply with this order of the court may result in dismissal of this action with prejudice for lack of diligence in prosecuting case pursuant to Civil Local Rule 41.3 (E.D. Wis.).

Dated at Milwaukee, Wisconsin this 18 day of August, 2006.

BY THE COURT:

/s_____
LYNN ADELMAN
District Judge