# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BENJAMIN M. Del CAMPO SA de CV,**
**HARLEY-DAVIDSON SATELITE SA de CV,**
**HARLEY-DAVIDSON PUEBLA SA de CV,**
**HARLEY-DAVIDSON SANTA FE SA de CV,**
**HARLEY-DAVIDSON LEON SA de CV,**
**HARLEY-DAVIDSON JALISCO SA de CV,**
**HARLEY-DAVIDSON LOS CABOS SA de CV,**
**MOTOCICLLETAS de MILWAUKEE SA de CV,**
**HARLEY-DAVIDSON VERACRUZ SA de CV and**
**INVERSIONES JJJ SA de CV,**

    **Plaintiffs,**

    **v.**                                        **Case No. 06-C-0572**

**HARLEY-DAVIDSON MOTOR COMPANY,**

    **Defendant.**

## ORDER

The plaintiffs filed this action on May 10, 2006. On June 6, 2006, the Clerk of Court's Office sent a letter to plaintiffs' counsel, Alejandro Brito, advising him of the Electronic Case Filing (ECF) system utilized in this district and the need for attorneys to register and file their pleadings electronically. Counsel was told to submit a diskette or CD of the PDF file to the Clerk's Office or email the information to the Clerk's Office email address. Counsel was also reminded of the need to file the "Consent/Refusal to Proceed Before a U.S. Magistrate Judge" form by June 20, 2006. A copy of the form was enclosed with the letter. The plaintiffs did not respond.

A review of the docket indicates that Attorney Robert Zarco, who also filed a notice of appearance as counsel for the plaintiffs, was called regarding the consent form, certificate of

interest and ECF filing and he indicated that he "will overnight all documents." (Docket entry of June 21, 2006). No documents were filed with the court.

On June 30, 2006, the Clerk of Court's office sent a second notice to Attorney Zarco advising him of the need to comply with the ECF filing requirements. The letter stated that if he did not provide the requested document in PDF format within 48 hours of the receipt of the notice, the clerk's office "will notify the presiding judge of your failure to comply for their (sic) subsequent action." (Docket # 3 at 1). Counsel did not respond or submit the requested documents.

The Clerk of Court's office sent another letter – this time addressed to both Attorney Brito and Attorney Zarco, again advising them that they must submit their "Consent/Refusal to Proceed Before a U.S. Magistrate Judge" form, which should have been filed within 20 days of its receipt. Counsel was also advised that pursuant to General Local Rule 83.9, each party must furnish a Certificate of Interest. Counsel was instructed to electronically file the consent form and the Certificate of Interest by August 3, 2006. A docket notation on August 4, 2006, indicates that a deputy clerk spoke to Attorney Brito about the consent form, Certificate of Interest and ECF registration on that day. See Docket entry of August 4, 2006.

Despite all these efforts, counsel for the plaintiffs have failed to file the required consent form and Certificate of Interest and have failed to comply with the ECF filing requirements in this district. It appears that the plaintiffs may no longer be interested in proceeding with this action, based on the complete lack of response to the court's letters and telephone calls. With the exception of the complaint filed on May 10, 2006, the plaintiffs have filed no other documents in this case. There is no indication that any effort has been made to serve the defendant.

- 2 -

Case 2:06-cv-00572-RTR    Filed 09/26/06    Page 2 of 4    Document 6

By order of August 18, 2006, the plaintiffs were given an additional period of time to file the "Consent/Refusal to Proceed before U.S. Magistrate Judge" form and the Certificate of Interest and to comply with the ECF and other requirements as outlined in the June 6, June 30 and July 19, 2006, letters from the Clerk of Court.  The plaintiffs were given until August 28, 2006, to comply and were advised that the action may be dismissed with prejudice for lack of diligence in prosecuting the case.  To date, the plaintiffs have not complied with the court's order.

As the plaintiffs were advised, district courts have inherent authority to dismiss a case sua sponte for a plaintiff's failure to prosecute.  Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir. 1989).  Such authority is based on the court's inherent power to control its docket.  Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962).  A dismissal for lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior.  Casteel v. Pieschek, 3 F.3d 1050, 1055 (7th Cir. 1993); Daniels, 887 F.2d at 785.  In this case, there is no doubt that the plaintiffs have been given ample notice and opportunity to comply with court procedures and the court's order.  They have not done so.  Therefore, this court has little choice but to dismiss this action with prejudice.

Therefore, for the foregoing reasons,

**IT IS ORDERED** that this action be and hereby is **dismissed with prejudice** for lack of diligence in prosecuting case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 26 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge